**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| SHAWN J GIESWEIN, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:19-CV-00078-RWS |
| v. | § § | |
| WARDEN GETER/FCI TEXARKANA, | § § § § | |
| Defendant. | § | |

**ORDER**

Petitioner Shawn J. Gieswein, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Court referred this matter to the United States Magistrate Judge.

The Magistrate Judge recommends dismissing the petition for writ of habeas corpus. Docket No. 20 ("Report and Recommendation").  The petitioner objected to that recommendation. Docket Nos. 22 and 26.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

In his objections the petitioner simply reiterated the same grounds for review that he raised in his petition.  The petitioner argues that § 5G1.2(c) of the United States Sentencing Guidelines mandated the District Court to run his sentences concurrently at resentencing, and that the District Court erred in applying a sentence enhancement under U.S.S.G. § 4B1.2.  The petitioner also alleges that he is actually innocent of witness tampering because he spoke to the witness before he

was arraigned. Finally, the petitioner contends that his conviction for possession of a firearm by a felon is invalid in light of the Supreme Court's ruling in *Rehaif v. United States*, ___ U.S. ___ , 139 S. Ct. 2191, 2200 (2019). These claims do not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of his convictions and the sentences as imposed. A claim challenging the legality of a conviction or sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This Court is bound by circuit precedent, which holds that the savings clause of § 2255(e), which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test.

The petitioner's claims concerning the sentencing guidelines and his claim that he was actually innocent of tampering with a witness do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, these grounds for review are not based on a retroactively applicable Supreme Court decision, and they were not foreclosed at the time of trial. Therefore, the petitioner may not pursue his claims concerning his sentences or his claim that he was actually innocent of tampering with a witness in a habeas petition filed pursuant to § 2241.

The petitioner also argues that, in light of a recent Supreme Court case, he is actually innocent of being a felon in possession of a firearm. In *Rehaif v. United States*, the Supreme Court

held that, in addition to proving that the defendant knowingly possessed a firearm, the Government must prove that the defendant knew he belonged to a category of persons who are barred from possessing a firearm. 139 S. Ct. at 2200. The decision does not establish that the petitioner may have been convicted of a nonexistent offense; it only establishes the Government's burden of proof in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2). Therefore, this claim also does not meet the requirements set forth in *Reyes-Requena*.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the Magistrate Judge (Docket No. 20) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 10th day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE